Submitted on the record February 14, ballot title certified February 28, 2002

Edwin J. PETERSON
and Andrea R. Meyer,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49233)

41 P3d 419

Roy Pulvers, Lindsay, Hart, Neil & Weigler LLP, Portland, filed the petition for petitioners.

Kathleen Cegla, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this ballot title review proceeding, petitioners challenge various aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 167 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioners' arguments and conclude that they are not well taken. Accordingly, we certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION: REQUIRES PRINTING POLITICAL PARTY AFFILIATION OF CANDIDATE FOR JUDGE FOLLOWING CANDIDATE'S NAME ON ELECTION BALLOT

RESULT OF "YES" VOTE: "Yes" vote invalidates statutes and judicial ethics rules that prohibit candidates for judge from identifying political party affiliation; requires printing political party affiliation on ballot.

RESULT OF "NO" VOTE: "No" vote retains current statutes and judicial ethics rules that prohibit candidates for judge from identifying political party affiliation, prohibit printing party affiliation on ballot.

SUMMARY: Amends constitution. Under current law, candidates for election to any nonpartisan office, including judges, must be listed on election ballot without indicating any political party designation, must use only the designation "nonpartisan," and cannot claim membership "in a major political party in the candidate's candidacy." Under current judicial ethics rules, for purpose of election, a candidate for judicial office cannot knowingly, publicly identify himself or herself as a member of a political party, other than by registering to vote. Measure provides: "Each person who is a candidate for the office of judge shall have printed on the ballot following his or her name, the person's party

affiliation." Current law defines "judge" as judge of Supreme Court, Court of Appeals, circuit court, or Oregon Tax Court.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(11).